GEORGE FALLMAN and DAVID FALLMAN, Plaintiffs in Error, *vs.* ENOCH GILMAN, Defendant in Error.

A complaint under Chapter 87, Revised Statutes, for forcible entry and detainer, before a Justice of the Peace, which simply charges that the Defendant forcibly entered, and does detain from the Plaintiff certain lands, describing them, is fatally defective; and a summons served in such case by reading it in the presence of the Defendants is no service.

When an appeal from the judgment of a Justice of the Peace is properly taken and a return thereto made, the whole proceedings before the Justice, become a mere *lis pendens* in the District Court, and the Plaintiff then has the same right to dismiss the action at any time before trial, as he would have had in the Court below—and where the District Court has allowed the dismissal of the action upon the motion of the Plaintiff, a writ of Error will not lie.

This was an action of forcible entry and detainer under Chapter 87, Revised Statutes, commenced before a Justice of the Peace of Washington County. The complaint charged that the Defendants forcibly entered and did detain certain lands, describing them, and demanded restitution of the premises. The summons was served by reading it in the presence

of the Defendants. There was no appearance on the part of the Defendants before the Justice. The Justice allowed restitution and fined the Defendants $30, and judgment was rendered accordingly with costs. The Defendants appealed from the judgment to the District Court, and upon the cause coming into that Court, moved that the proceedings before the Justice be quashed with costs. The motion was overruled. The Plaintiff below then moved to dismiss the action, which motion was allowed. The Defendants appealed to this Court from the order of dismissal.

AMES & VAN ETTAN, for Plaintiffs in Error.

EMMETT & Moss, for Defendant in Error.

M. E. Ames, *arguendo*, made the following points:

*First*, This was a proceeding under a Criminal Statute and is governed by the strongest rules applicable to criminal proceedings. The complaint was insufficient and gave the Justice no jurisdiction, but a judgment was rendered and the appeal brings the action regularly before the District Court, and that Court erred in refusing to quash the proceedings before the Justice.

*Second*, The proceedings before the Justice were fatally defective, and he had no jurisdiction to render a judgment against the Defendants or impose a fine.

*Third*, The Justice having assumed jurisdiction and rendered a judgment, the remedy of the Defendant was by appeal to avoid and reverse the judgment.

*Fourth*, The District Court erred in dismissing the action for want of jurisdiction, because the appeal had given that Court complete jurisdiction and the case should have been proceeded with in the ordinary manner. The Defendants were entitled to a trial.

H. L. Moss, *arguendo* for Respondent, rested upon the following points:

*First*, The Justice had no jurisdiction of the case.

*Second*, The Defendants should have proceeded by *Certiorari* and not by appeal.

*Third,* Having appealed, the Defendants should have pleaded to the jurisdiction or demurred for want thereof.

*Fourth,* If the Justice's Court had no jurisdiction, the District Court could not obtain it by appeal, and could render judgment for no purpose.

*Fifth,* The Plaintiff has the right to dismiss his action at any time, no provisional remedy having been allowed.

*By the Court.*—CHATFIELD, J.   This action was commenced before a Justice of the Peace by the Defendant in Error against the Plaintiffs in Error, under the Statute " of Forcible Entries and Detainers." *Rev. Stat.* Chap. 87.

The complaint before the Justice was manifestly and fatally defective, and the summons issued by him, was not served in the manner prescribed by the Statute.

The Defendants below did not appear before the Justice and the Plaintiff there proceeded to a hearing.   Upon that hearing the Justice rendered judgment against the Defendants, for restitution, for a fine of thirty dollars and for costs.

From that judgment the Defendants appealed to the District Court.

In the District Court the Defendants moved that the proceedings and judgment before the Justice be quashed with costs.   That motion was overruled by the Court and the Defendants excepted.

The Plaintiff below then moved that the cause be dismissed. That motion was resisted by the Defendants who insisted that they had a right to have the cause tried in its order upon the calendar.   The Court, however, dismissed the cause and proceedings and the Defendants excepted, and thereupon brought their writ of Error to this Court.

Though the District Court may have erred in overruling the motion to quash the proceedings and judgment before the Justice, the error was cured by the subsequent dismissal of the cause and proceedings on motion of the Plaintiff below.

When an appeal from the judgment of a Justice of the Peace is properly taken, and a return thereto is made, the whole proceedings before the Justice become mere *lis pendens* in the District Court.   *Rev. Stat.* 316, Chap. 69, § 127; 4

*Denio's R.*, 377, *note b.* The parties stand in relation to each other there, the same as they did at the commencement of the trial before the Justice. Being in this position before the District Court, the Plaintiff there has the right to submit to a nonsuit, or in the language of the code, " dismiss the action at any time before the trial," the same and as fully as he had previous to the trial before the Justice. Such dismissal in the District Court has the same force and effect as if taken before the Justice previous to the trial there.

When the Plaintiff in the District Court dismissed the " cause and proceedings," he dismissed the *action* and not merely the appeal. Every thing from the commencement of the proceedings before the Justice was thereby vacated, and the "proceedings and judgment before the Justice " were, in the language of the motion of the Defendants below, *quashed* effectually.

There having been neither any provisional remedy allowed or any pleading on the part of the Defendants below, in the case, the Plaintiff below had the absolute and Statutory right to dismiss the action without the leave of either the Court or the other party. *Rev. Stat.* 349, Chap. 70, § 162, *Sub. Div.* 1. Consequently, though the order of the dismissal be final, I am at a loss to perceive how a writ of Error thereon can be maintained by either party. The Plaintiff below could not bring such writ, because the order is against him on his own voluntary motion. The Defendants below cannot do it, because the order disposes of the whole case in their favor. Had the Defendants below asked for and been denied a judgment against the Plaintiff below, for their costs, their right to a writ of Error would be very questionable, because upon a writ of Error, the judgment below cannot be merely modified, but must be affirmed or reversed *in toto* unless it be composed of distinct parts, some of which may be affirmed and others reversed. The Defendants below could not, upon a writ of Error obtain a judgment for the costs in the Court below. That could only be done by motion to that Court, and if refused, by appeal to or mandamus from this Court.

Upon the Plaintiff's dismissal of the action in the District Court, the Defendants were entitled to a judgment for their

costs, and I have no doubt but that the District Court had jurisdiction of the parties sufficient to enable it to render and enforce such judgment; but it does not appear that the Defendants below asked for such judgment, or that it was denied.

There is no such exception upon the record, and if there had been, it would not, in my opinion, have been effectual to sustain the writ.

As the case stands, I do not see how this Court can either affirm or reverse the said order of disposal, consequently the writ of Error in this case, should, in my opinion, be dismissed with costs.