ORLANDO M. BRYAN, *et al.*

*vs.*

CHANDLER FARNSWORTH.

An exemplification of a judgment rendered by a justice of the peace in Illinois, who has deceased, and certified to by the justice of the peace who is by the laws of such state entitled to the custody of the docket and papers of such deceased justice, is not evidence in the courts of this state by virtue of *Gen. Stat.*, ch. 73, s. 80.    The court of such deceased justice not having been a court of record, such exemplification would not have been evidence under *sec.* 49 *of said ch.* 73.

This action was commenced before a justice of the peace in Blue Earth county, and judgment rendered in favor of the plaintiffs.   The defendant appealed to the district court for said county, upon questions of law alone, and the judgment of the justice was affirmed.  The defendant appeals from the judgment of the district court.   The case is sufficiently stated in the opinion.

SEVERANCE & DICKINSON, for Appellant.

W. L. COON, and BROWN & WISWELL, for Respondents.

*By the Court.*—RIPLEY, CH. J.—To prove the judgment of the justice of the peace of DeKalb county, Illinois, upon which action was brought, the plaintiff offered in evidence what purported to be a transcript thereof, to which the following

certificates were attached : " I, Tyler K. Waite, a justice of the peace in and for the county aforesaid, do certify that the. foregoing transcript is a true copy of the docket entry upon the docket of Abram Conant, deceased, and of the records, papers, and files, in case wherein Orlando M. Bryan, John B. Harkness and John Hanne are plaintiffs, and Chandler Farnsworth defendant, remaining and being in my office, and under my control, so full and entire as the same therein appear and remain. That the same docket, record, papers and files came into my possession on the death of said Abram Conant, late a justice of the peace in and for said county, I being the nearest justice of the peace, and as such entitled to the custody thereof ; and I ever have been and still am, since his death, the proper custodian of said docket, records, papers and files. That justices of the peace, in the state of Illinois, do not by·· law have any clerk or official seal, and that, as said justice of the peace, I have no clerk or official seal, and that this attestation is in due form. And I further certify that I am well acquainted with the hand writing of said Abram Conant, deceased, and that said docket entry, * * * are in the genuine hand writing of the said Abram Conant. Given under my hand and seal, at Sycamore, in said county, this 14th day of October, A. D. 1870.

TYLER K. WAITE, (scroll,) Justice of the Peace."

" I, Wallace M. Moore, clerk of the county court in and for the county aforesaid, do hereby certify, that at the time of the several dates of the docket entries, summons and execution, copied in the foregoing transcript, Abram Conant, Esq., whose name as acting justice of the peace, in and for the county of DeKalb and state of Illinois, duly elected and qualified, and that Tyler K. Waite, Esq., whose name is subscribed to the annexed certificate to said transcript, was at the time of executing the same, an acting justice of the peace in and for said

county, duly commissioned, sworn and authorized to take and certify the same, and full faith and credit is due to all his official acts ; that I am well acquainted with his hand writing, and that his signature thereto is genuine, and that the annexed instrument is executed and acknowledged in conformity with the laws of the state of Illinois.

In testimony whereof I have hereunto set my hand and affixed the seal of the said county court, this 14th day of October, A. D. 1870.

[Official Seal.]          WALLACE M. MORE, Clerk."

Which evidence was admitted by the justice before whom the case was tried, the defendant's objections thereto being overruled.

The action of the justice was affirmed in the district court upon the ground that the evidence was admissible under *Gen. Stat., ch.* 73, *sec.* 80.

This reads as follows: "An exemplification of a judgment rendered by any justice of the peace, in any state or territory of the United States, officially certified by such justice as a full and correct copy of all the proceedings in that case from his docket, with a certificate of magistracy thereon, signed and authenticated by a clerk of a court of record in the county where such judgment was rendered, with the seal thereof attached, is evidence in any court in this state to prove the facts contained in such exemplification."

It is admitted that this transcript does not fall within the terms of the statute. It is said, however, to be within its spirit, for to give a literal interpretation to statutes of this kind would make it impossible in any case to procure a transcript from the docket of a deceased justice. If there were no other way of proving the fact of the rendition of such a judgment, a very different question might present

itself. But as this is readily provable by common law methods, nothing in the nature of the case requires a decision, that when the legislature said that a transcript certified by the justice who rendered the judgment should be evidence, it was intended that a transcript, certified by somebody else, may in any case whatever be evidence. To say that if such justice is dead, a transcript, certified by the justice to whom the custody of his docket belongs by law, shall be evidence, would be to add to the statute, not to interpret it. The case of *Capen v. Emery*, 5 *Met.* 436, upon which the respondents rely, has, therefore, no bearing upon the question.

The *act of congress, May* 26, 1790, provides, that exemplifications of the record and judicial proceedings of the courts of any state shall be admitted in evidence in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge that the attestation is in due form. Mr. Greenleaf states, upon the authority of *Thomas v. Tanner*, 6 *Monroe*, 52, that if the court itself is extinct, but its records and jurisdiction have been transferred by law to another court, it seems that the clerk and presiding judge of the latter tribunal are competent to make the requisite attestation. 1 *Greenl. Ev.* § 506.

The *Rev. Stat. of Mass. ch.* 94, *s.* 57, (with which *Genl. Stat., ch.* 73, *s.* 49 is identical,) also provides, that the records and judicial proceedings of any court of another state, or of the United States, shall be admissible in evidence in all cases in this state, when authenticated by the attestation of the clerk, prothonotary, or other officer having charge of the records of such court, with the seal of such court annexed. In a case falling within the provisions of these two statutes, the court, in *Capen v. Emery*, held that there could be no doubt but that when the court in which judgment was rendered had been

abolished, and another established in its stead, to which its records, proceedings and jurisdiction had been transferred, the judge of the substituted court, and the clerk to whom the records were transferred, were the proper certifying officers, and it held that the certificate of the judge showing the transfer of the jurisdiction, and accounting for the change in the name of the court, and its change of seal, is good *prima facie* evidence of the correctness and sufficiency of the certificate of the clerk.

But as the court of this justice of the peace was not a court of record, the provisions of the act of congress do not apply. (1 *Greenl. Ev.* § 505.)    Neither, and for the same reason, does *Gen. Stat., ch.* 73, § 49, aforesaid.

The question, therefore, whether or not the certificate of Justice Waite is *prima facie* evidence that he was the proper custodian of the docket and papers of the deceased justice, does not arise ; for, granting that it were, there is no statute of this state which makes an exemplification of the judgment of a deceased justice certified by him, evidence.    The evidence having been improperly admitted, it is unnecessary to consider the questions raised as to its effect.

It may be remarked, however, that whether or not the law is, as the respondents contend, that when an exemplified copy of a judgment rendered by a justice of the peace in another state is offered, and it alleges in terms that the party was personally served with process, this allegation cannot be controverted, the fact, nevertheless, that such was the law would be no justification whatever for the striking out, before trial, of the third paragraph of defendant's answer, viz. : " that no process was ever served upon the defendants in the action mentioned in the complaint ; and that he never in any manner appeared, either in person or by attorney, in said action."

As the judgment must be reversed, it is not necessary to consider the other objections made by defendant to the proceedings before the justice. He contends, however, in this court that the facts support his first defense; that the case shows a former judgment in full force for the same cause of action, viz.: a judgment recovered by plaintiff in 1870, before P. K. Johnson, a justice of the peace for Mankato. It appears, however, that the defendant appealed from that judgment, and his appeal was duly entered in the clerk's office of Blue Earth county, Dec. 9, 1870; that on the 30th day of November, 1870, at the request and by direction of plaintiff's attorney, an entry was made in the register of actions of "suit withdrawn by W. L. Coon, plaintiff's attorney;" that subsequent thereto plaintiff's attorney paid defendant's attorney the fee by him paid to said P. K. Johnson for return on appeal, but no notice of discontinuance of such action was ever served upon defendant or his attorney. Though not expressly shown, the justice, his fee having been paid him, must be taken to have made his return. These facts disprove defendant's first defense aforesaid; for when an appeal from the judgment of a justice of the peace is properly taken, and a return thereto is made, the whole proceedings before the justice become mere *lis pendens* in the district court. 1 *Minn.* 179.

Conceding, then, (though as to this we give no opinion,) that the action of the plaintiffs was not effectual to dismiss the action in the district court, and it was therefore still pending, this does not support the defendant's first defense aforesaid, viz.: that said judgment was still in full force.

For the error above indicated, in admitting said transcript in evidence, the judgment appealed from is reversed.