## MANN v. BARKLEY.

[No. 2,561.   Filed November 16, 1898.]

APPEAL AND ERROR.—*Dismissal of Appeal from Justice of Peace by Superior Court.—Motion to Reinstate.—Review.*—Where an appeal has been taken from a judgment rendered by a justice of the peace to a superior court, and, upon the failure to file an additional appeal bond in compliance with an order of the superior court, is dismissed, it is largely within the discretion of the court whether or not the appeal shall be reinstated, and where there is no abuse of discretion a ruling of the court on a motion to reinstate will not be reversed on an appeal to the Appellate Court.

From the Marion Superior Court.   *Affirmed.*

*Thomas Hanna*, for appellant.

*R. W. McBride* and *C. S. Denny*, for appellee.

BLACK, J.—The appellee, as landlord, brought her action against appellant, as tenant, before a justice of the peace, for possession of certain leased premises alleged to be unlawfully held over by the appellant after the expiration of the tenancy, and for damages for the detention. The justice rendered judgment for the appellee, adjudging that she should recover possession of the premises, with a certain sum of money and costs. From this judgment the appellant appealed to the court below, where it was ordered that the appellant within fifteen days file an additional bond in the sum of $200, with approved surety. On the 3d of April, 1897, the court, for failure of the appellant to comply with said order to file

an additional bond, dismissed the appeal, and rendered judgment that the appellant take nothing by her appeal herein, and that the appellee recover her costs.   On the 13th of April, 1897, the appellant filed her motion to set aside the judgment of dismissal and to reinstate the cause, and tendered her additional bond.   In support of this motion the appellant filed a number of affidavits, and counter affidavits were filed by the appellee.   The court overruled the appellant's motion to set aside its judgment of dismissal and to reinstate the cause.   A motion of the appellant thereafter filed for a new trial was overruled.   In this motion the appellant stated as causes for a new trial, (1) that the court erred in overruling her said motion to reinstate the cause; (2) that the complaint does not state facts sufficient to constitute a cause of action; (3) that the judgment of the court is contrary to law.   In the assignment of errors are three specifications, (1) that the court erred in overruling the motion for a new trial; (2) that the complaint does not state facts sufficient to constitute a cause of action; (3) that the court erred in overruling appellant's motion to reinstate the cause, as is set out in the motion for a new trial.   We may consider these specifications in their own order.

As to the second and third causes stated in the motion for a new trial, they must be disposed of by saying that neither of them constitutes a cause for a new trial recognized by law, in any case.   The judgment of the court below which the appellant sought to set aside was not a judgment upon the merits of the cause, but was one of dismissal of an appeal from a justice of the peace.   An appeal from a justice, not being for the correction of errors, but for the trial of the cause *de novo* upon its merits, vacates the judgment.   *Britton* v. *Fox*, 39 Ind. 369.   Among the gen-

eral statutory provisions relating to justices of the peace, it is provided by section 1569, Burns' R. S. 1894 (1501, Horner's R. S. 1897), that the appeal shall not be dismissed for the insufficiency of the appeal bond, if the appellant will file a sufficient bond, to the acceptance of the court to which the appeal is taken. It is also provided by section 1572, Burns' R. S. 1894 (1504, Horner's R. S. 1897), "When an appeal is dismissed by the court, such fact shall be certified to the justice by the clerk, and such judgment stand on the justice's docket as if no appeal had been taken." For the removal of a tenant holding over special statutory provision is made. In such an action before a justice an appeal lies under the same regulations and restrictions as in other cases before justices, and appeal bonds securing damages, if any, and costs and the prosecution of the appeal must be given by the appellant. Section 7115, Burns' R. S. 1894 (5234, Horner's R. S. 1897). The appeal supersedes proceedings in the justice's court. But if judgment before the justice shall have gone for the plaintiff, and the defendant appeal and his appeal be dismissed, the clerk shall certify such dismissal to the justice, who shall issue process as if no appeal had been taken. Section 7116, Burns' R. S. 1894 (5235, Horner's R. S. 1897).

Here there was no trial in the court below upon the merits. There was a hearing of a motion to require an additional appeal bond, which the court sustained, and thereupon the court ordered the filing of such a bond within fifteen days. No error is assigned of this action of the court. Thereafter, upon failure to comply with such order, the court for such failure dismissed the appeal. Ten days afterward the appellant moved to set aside the dismissal and to reinstate the appeal. This motion was heard upon

Mann *v.* Barkley.

affidavits, and was overruled. The only decision upon the merits of the cause of action stated in the complaint is that standing upon the docket of the justice. The motion for a new trial must be regarded as an application for a new hearing of the motion to set aside the judgment of dismissal and to reinstate the cause in the court below. A motion for a rehearing or a new trial of a motion, if proper practice, could be regarded as well taken simply on the ground that the court erred in overruling the motion, without stating wherein the decision upon the motion was erroneous. The question could, however, be presented by taking an exception to the ruling of the court upon the motion and saving and presenting the motion and evidence heard thereunder consisting wholly of affidavits, and the exception to the ruling, by a bill of exceptions, and then on appeal assigning such ·ruling as error. It would seem that there was no· error in overruling the motion for a new trial. The appeal was taken from a judgment ·of dismissal of an appeal from a justice, which the court refused to reinstate on motion, and it is not an appeal from a judgment taken in the court below upon the merits of the cause. The effect of the judgment is to reinstate the suspended judgment on the docket of the justice.

It has been denied in argument that an assignment that the complaint does not state facts sufficient to constitute a cause of action may properly be made in such case. This question need not be decided. It is not contended that the complaint is insufficient for any reason except that of an alleged disagreement between the complaint and a written instrument referred to in argument as a lease which was filed with the complaint as an exhibit. But in such a proceeding brought by a landlord to recover possession of leased premises from his tenant unlawfully holding

over, the lease is not the foundation of the action, and though filed with the complaint as an exhibit, it cannot properly be examined in considering the question as to the sufficiency of the complaint. *Whipple* v. *Shewalter*, 91 Ind. 114.

It is also suggested that we should disregard the last specification in the assignment of errors,—that the court erred in overruling appellant's motion to reinstate the cause, as is set out in the motion for a new trial,—because of the closing portion of the specifications referring to the motion for a new trial. While the intention perhaps is not as definitely indicated as would be desirable, we have deemed it proper to examine the affidavits set out in the bill of exceptions. Each party filed at different times a large number of affidavits, wherein, by way of asserting due diligence on the one hand and denying it on the other hand, there was developed some controversy concerning the purport of interviews between opposing attorneys out of court. It would serve no useful purpose to set forth the conflicting statements of the affidavits. The reinstatement of an appeal, under such circumstances must be treated as largely within the discretion of the court before which the proceedings were had. We cannot say that the court abused its authority in deciding the conflict in the affidavits submitted at the hearing of the motion to reinstate the appeal. Judgment affirmed.