## RESTRICTION ON AUTHORITY TO DISMISS ACTIONS WITHOUT PREJUDICE.

Court of Appeals for Hamilton County.

### HALL v. W. M. RITTER LUMBER CO.

Decided, May 31, 1913.

*Dismissal—Action on Appeal May Not be Dismissed Without Preju-
dice to the Bringing of a New Suit, When—Court Procedure—Sec-
tions 10387 and 11586.*

1. Section 11586, General Code, authorizing the dismissal of actions
in the common pleas court "without prejudice to a future action,"
does not apply to a case conimg into that court on appeal.
2. The power of parties to such case with reference to dismissals,
etc., is defined by Part Third, Title II, Chapter 9, General Code.

*Stephens, Lincoln & Stephens,* for plaintiff in error.
*Cobb, Howard & Bailey* and *Henry L. Rockel,* contra.

JONES (E. II.), J.; SWING, J., and JONES (Oliver B.), J.,
concur.

Defendant in error filed an action before a justice of the
peace against plaintiff in error, who filed a counter-claim.

The plaintiff lumber company recovered a judgment before
the justice and defendant, Hall, failed on his counter-claim
and appealed the cause to the common pleas court.

Thereupon, against the objection of the defendant, plaintiff
dismissed its cause of action "without prejudice," which it
claimed authority to do under Section 11586, General Code,
which provides:

"An action may be dismissed without prejudice to a future
action: 1. By the plaintiff, before its final submission to the
jury, or to the court, when the trial is by court," etc.

This section is part of a chapter relating to proceedings in the
common pleas court in actions originating there, but it is claimed
is made applicable to appealed cases by Section 10387, General
Code, which is as follows:

"When an appeal is taken from a judgment of a justice of the peace, to the court of common pleas, the plaintiff below shall be plaintiff above; and in all respects, the parties must proceed as if the action originally had been commenced in that court."

The effect of the above section is to make the rules and laws governing procedure in the common pleas court applicable in so far as there is a lack of special provision in the statutes for appealed cases.

We find that the subject of dismissal of appealed cases in the common pleas court is fully covered by Part Third, Title II, Chapter 9, General Code.

We are, therefore, of the opinion that Section 10387 only applies to such cases when they are to *proceed* in the appellate court, as it only provides how the parties "must proceed" and says nothing about how they must or can stop. As the dismissal of such cases is fully provided for in other sections of the same chapter, we think the words "must proceed" as here used refer to the conduct of the trial and that the purpose of the section is to furnish, by reference, and in a brief way, the rules for pleadings, evidence, verdict, etc., and do not include or apply to such cases the rules as to dismissals of cases originating in the common pleas court.

We find no authority in Chapter 9, above referred to, for a dismissal by plaintiff "without prejudice," and finding that Section 11586 is inapplicable, the judgment below is reversed.

Cause remanded for further proceedings.

Judgment reversed; and cause remanded.