## THOMAS GEMMELL, INCORPORATED V. SVEA FIRE AND LIFE INSURANCE COMPANY.

March 12, 1936.

Present; Holt, Hudgins, Gregory, Chinn and Eggleston, JJ.

The opinion states the case.

*George B. White,* for the plaintiff in error.

*Ralph C. Bethel,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

Thomas Gemmell, Inc., was agent for Svea Fire and Life Insurance Company, and in the ordinary course of business became indebted to it in the sum of $351.15; on February 28, 1933, he mailed to his company a check for that amount drawn on the American Bank and Trust Company of Richmond, Virginia. On March 16, 1933, that bank was closed, is still closed, and so this check, dealt with within due course, was not paid.

It remained unpaid, and on September 26, 1933, a warrant issued at the instance of the insurance company and was heard upon its merits on October 11, 1933, by Hon. Gordon B. Ambler, presiding in the Civil Justice Court of Richmond. There was a judgment for the defendant. From it an appeal was taken to the Law and Equity Court of the city of Richmond. This appeal was docketed, called for trial on February 23, 1934, and in this manner ended.

"This day came the plaintiff and defendant, by counsel, and thereupon the defendant pleaded *nil debet* and put itself upon the country and the plaintiff likewise.

"And thereupon came a jury to-wit: Charles Sanders, E. Robinson, E. J. Snook, J. E. White and W. O. McGehee, who were sworn well and truly to try the issue joined in this case and the evidence having been partly heard and the plaintiff failing to further prosecute its suit, on its motion it is ordered that the plaintiff be nonsuited, paying to the defendant five dollars damages according to law, together with its costs by it about its defense in this behalf expended."

Afterwards, and on April 27, 1934, the insurance company filed in said law and equity court its motion for judgment, against the same defendant for the same debt. To this motion three pleas were filed, one of payment, one of *nil debet,* and one of *res adjudicata.* This latter plea set up the proceedings noted and claimed that the defendant had been exonerated by a final and unreversed judgment of a court of competent jurisdiction. There was no dispute as to the facts. The trial court was of opinion that as a matter of law they presented no defense to this action. There was a verdict and judgment for the plaintiff. But one error is relied upon. The defendant contended that upon nonsuit the judgment of the trial justice was left in full force and effect. It was, as we have seen, for it.

■ Nonsuit is recognized by statute. Code, section 6256. The right to proceed again on the same cause of action in the same court is likewise recognized. Session Acts 1932, ch. 30, p. 24 (amending Code 1919, section 6256). "The effect of a nonsuit is simply to put an end to the present action, but is no bar to a subsequent action for the same cause." Burks' Pleading and Practice (3d Ed.), p. 580. Manifestly, it is unsuited to pure appellate procedure. The statutes tell us how appeals from justices' courts are to be had. Code 1919, sections 3106, 6036 (as amended by Acts 1930, ch. 143), 6037-6039. All papers are
■

to be certified to that court which has cognizance of the appeal. A writ tax must be paid and the case is heard *de novo. Southern Railway Co.* v. *Hill,* 106 Va. 501, 56 S. E. 278.

A court which hears a case *de novo,* which disregards the judgment of the court below, which hears evidence anew and new evidence, and which makes final disposition of the case, acts not as a court of appeals but as one exercising original jurisdiction.

By statute it is provided that if the writ tax be not paid within thirty days the appeal shall stand dismissed and the judgment of the justice shall become final. Code, section 3106. No other statute deals with the status of these judgments after appeal, although they necessarily remain unchanged until the appeal is perfected.

By statute this appeal is heard in a summary way. New evidence may be introduced and the principles both of law and of equity may be applied. Code, section 6038.

In *Kemper* v. *Calhoun,* 111 Va. 428, 69 S. E. 358, 359, this statement from 14 Cyc. 406d is approved.

"While a plaintiff may dismiss any claim where such dismissal will not prejudicially affect the interests of the defendant, he will not be permitted to dismiss, to discontinue, or to take a nonsuit, when by so doing he will obtain an advantage and the defendant will be prejudiced or oppressed, or deprived of any just defense. Nevertheless, the injury which would be thus occasioned to defendant must be of a character that deprives him of some substantive right concerning his defenses, not available in a second suit, or that may be endangered by the dismissal, and not the mere ordinary inconveniences of double litigation, which in the eye of the law would be compensated by costs."

"Plaintiff * * * will not be permitted to dismiss, to discontinue, or to take a nonsuit, when by so doing defendant's rights will be prejudiced, * * *." 18 C. J., p. 1159, citing many cases.

The motion now before us is an action at law, and

is subject only to such defenses as are applicable thereto. Many possible equitable defenses might have been interposed. It follows that in such a case voluntary nonsuit was never contemplated and should not have been permitted. This error might have been corrected on appeal, but no exception appears to have been taken. The defendant doubtless thought, as it now contends, that it but served to reinstate the judgment of the trial justice. The objection now to what was then done comes too late. Our inquiry is limited to its effect.

"The right of the plaintiff to take a nonsuit or a dismissal of his suit extends to the appellate court on appeal from a decision of a magistrate and trial *de novo.*" 6 Encyclopedia of Pleading and Practice, p. 867.

"An appeal which brings up the entire cause for trial *de novo* in the appellate court operates to annul the judgment, in the absence of a statute providing otherwise." 2 R. C. L., p. 118.

"Where the effect of an appeal is to transfer the entire record to the appellate court for a retrial as though originally brought therein, the judgment appealed from is completely annulled, and is not thereafter available for any purpose." 16 R. C. L., p. 406.

"When an appeal is taken by either party, its effect is not only to suspend but to destroy the effect of a judgment of a justice. It makes it as though no judgment had been rendered. The cause is considered as still pending, no regard is had to the judgment of the justice, and the rights of the parties are the same as they would be in any other suit pending in the courts of record." *Turner* v. *Northcut,* 9 Mo. 251.

"When an appeal from the judgment of a justice of the peace is properly taken and a return thereto is made, the whole proceedings before the justice become a mere *lis pendens* in the district court. (Citing statute.) The parties stand in relation to each other there, the same as they did at the commencement of the trial before the justice. Being in this position before the district court, the plain-

tiff there has the right to submit to a nonsuit, or, in the language of the Code, 'dismiss the action at any time before the trial,' the same and as fully as he had previous to the trial before the justice. Such dismissal in the district court has the same force and effect as if taken before the justice previous to the trial there." *Fallman* v. *Gilman,* 1 Minn. 179 (Gil. 153).

See also, *Bullard* v. *McArdle,* 98 Cal. 355, 33 Pac. 193, 194, 35 Am. St. Rep. 176, to the same effect:

"By perfecting the appeal from the justice's court the case was entirely removed from that court, and only the superior court had thereafter jurisdiction in the matter. The judgment in the justice's court was not merely suspended, but by the removal of the record was vacated and set aside. *Thornton* v. *Mahoney,* 24 Cal. 569; *People* v. *Treadwell,* 66 Cal. 400, 5 Pac. 686. When the effect of an appeal is to transfer the entire record to the appellate court, and to cause the action to be retried in that court as if originally brought therein, as is the case when appeals are taken from a justice's court upon questions of law and fact, the judgment appealed from is completely annulled, and is not thereafter available for any purpose: *Bank of North America* v. *Wheeler,* 28 Conn. 433, 441 (73 Am. Dec. 683); *Campbell* v. *Howard,* 5 Mass. 376; *Levi* v. *Karrick,* 15 Iowa 444; *Keyser* v. *Farr,* 105 U. S. 265 (26 L. Ed. 1025)."

This excerpt from *Leonard* v. *Security Bldg. Co.,* 179 Mo. App. 480, 162 S. W. 685, 687, is quite apposite:

"It is urged that an unreasonable hardship results from permitting a plaintiff to sue in a justice court, and then when defeated there to appeal his case to the circuit court, dismiss it, and begin over again, thereby depriving a defendant of the benefit of his judgment. This results, however, from the fact that the cause is proceeded with *de novo* in the circuit court, as though originally instituted there (section 7579, Rev. St. 1909 [Mo. St. Ann., section 2352, p. 2453]), and the right of a plaintiff to dismiss or take a nonsuit, at any time before final submission thereof,

under section 1980, *supra* [Mo. St. Ann., section 960, p. 1232]."

There are authorities to the contrary. In Ohio it is said that the right to dismiss without prejudice does not apply to actions coming by appeal from justices. *Hall* v. *W. M. Ritter Lumber Co.,* 2 Ohio App. 43.

A distinction is sometimes drawn between the right to discontinue the action and to discontinue the appeal.

"When the first case reached the circuit court on the appeal taken by the plaintiffs it was subject to the rules and practice governing actions pending in the circuit court, and, there being no set-off or recoupment involved, plaintiffs had a right to discontinue the suit. Had plaintiffs discontinued their appeal only, then, under the statute, the judgment appealed from would have been revived." *Garfield* v. *Mansfield Steel Corporation,* 223 Mich. 694, 194 N. W. 526, 527.

Other courts hold that these cases on appeal are subject to the same rules that would obtain had the original action been brought in what we may term the appellate court, but that when dismissed or discontinued the justice's judgment is revived and base their conclusions upon local statutes. *French* v. *Weise,* 112 Mich. 586, 70 N. W. 1101; *Mann* v. *Barkley,* 21 Ind. App. 152, 51 N. E. 946.

We are not dealing with an appeal abandoned but with a case dismissed upon final judgment. It follows that the judgment of the justice has been vacated and annulled. It has not been reinstated by statute.

The judgment of the trial court should be affirmed, and it is so ordered.

*Affirmed.*