## 26724. LIVINGSTON v. BERRIEN WOOD COMPANY, INC. et al.

FELTON, Justice. 1. "Where the court, on the trial of a suit in trover, instructs the jury as to the particular recovery to be allowed, it will be presumed that the instruction is in accordance with an election previously made by the plaintiff of the form of recovery desired by him." *Wilson-Weesner-Wilkinson Co. v. Collier,* 62 Ga. App. 457 (2) (8 SE2d 171). A verdict, hence a judgment thereon, in a trover case is not void because no election is shown in

the record, because the fact that the jury returned a particular verdict, together with the entering of judgment thereon is sufficient to show that such an election was made. *Youngblood v. Ruis,* 96 Ga. App. 290, 293 (99 SE2d 714).

2. Neither *Code* § 107-105, as construed by our courts, nor any other provision of law of which we are aware, requires the election of the plaintiff in a trover action to be in writing.

3. Accordingly, in this action by a trover action judgment debtor to set aside the default judgment awarding the truck sued for to the corporate plaintiff in the trover action and to enjoin it from enforcing the judgment, on the ground that its election to demand damages was made orally in open court rather than in writing, the appellant conceding in his brief that the trial judge charged the jury accordingly, the trial court did not err in its judgment granting the defendant's motion to dismiss the complaint.

*Judgment affirmed. All the Justices concur.*
ARGUED SEPTEMBER 14, 1971—DECIDED OCTOBER 8, 1971.

*D. W. Slone, Roy Benton Allen,* for appellant.
*Fred L. Belcher,* for appellees.

