COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Duff
Argued at Alexandria, Virginia


KENNETH R. FOX

                                   MEMORANDUM OPINION[*] BY
v.    Record No. 0669-99-4         JUDGE JAMES W. BENTON, JR.
                                        MARCH 28, 2000
WENDY R. FOX


                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                     Benjamin N. A. Kendrick, Judge

             Matthew A. Pavuk (Johnson & Pavuk, on
             briefs), for appellant.

             Denman A. Rucker (Jason S. Rucker; Rucker &
             Rucker, on brief), for appellee.


     On April 9, 1997, Kenneth R. Fox (the "father") and Wendy R.

Fox (the "mother") were divorced by entry of a final decree, which

adjudicated issues of child support, custody, and spousal support.

On March 17, 1998, a panel of this Court affirmed the decree of

divorce and various other issues, including the trial judge's

imposition of non-participation sanctions upon the father.  In

this appeal, the father challenges the authority of the trial

judge to enforce post-trial the identical sanctions, which the

father contends were extinguished upon entry of the final decree

of divorce.  We affirm the trial judge's order.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

In our prior review of the parties' consolidated appeal from the final decree of divorce, see Fox v. Fox, Nos. 0721-97-4 and 1094-97-4 (Va. Ct. App. March 17, 1998), we recited in detail the incidents of the trial that gave rise to the trial judge's imposition of the non-participation sanction against the father. We affirmed that sanction. To put this current appeal in context, we summarize the incidents that gave rise to the sanction.

At a pendente lite support hearing during the divorce proceedings, the trial judge ordered the father to pay $2,149 monthly child support, $5,440 monthly spousal support, and the mortgage and insurance payments on the marital residence. When the father failed to pay spousal support, the trial judge issued a rule to show cause why he should not be held in contempt. At the hearing, the trial judge ordered the father to comply with the mother's requests for discovery. Later, the trial judge ordered the father to provide an accounting of the children's trusts and entered an order to compel the father to produce documents, which the trial judge had previously ordered be produced. The father filed a discovery response that was wholly inadequate. The father never complied with the order to produce an accounting.

The trial judge ordered the father to appear in court to explain his failure to pay spousal support. When the father failed to appear, the trial judge issued a rule to show cause why the father should not be held in contempt for violating the orders

-

of the court and ordered that he appear in person at a date certain. The father failed to appear at the hearing. The trial judge then entered an order denying the father the right to "file any motions or pleadings . . . until such time as he personally appears before [the court]." The trial judge issued another rule against the father to appear and to show cause why he should not be held in contempt for continuing to violate the court's orders. When the father failed to appear at the hearing, the trial judge issued a rule to show cause and ordered that he appear.

Ignoring the trial judge's mandate that he file no pleadings until he personally appeared before the court, the father filed various pleadings. The father again failed to appear at the hearing that was continued. In the presence of the father's counsel, the trial judge stated the following:

> [The father] has a history of utter total disrespect and contempt for this Court and its orders. That's why this Court took the position that . . . because of his track record, he could not file anything until he came before this Court and answered, in person, as to why he did or didn't do the things that are alleged that have been the basis for this Court's order and the rule to show cause.

The trial judge then granted the mother custody of the children and extended a protective order which was entered by the juvenile and domestic relations district court. Later, the trial judge suspended the father's continuing obligation to pay spousal support and increased his child support obligation to

-

$7,589.  The trial judge issued a capias for the father to show cause why he should not be held in contempt for his refusal to comply with the orders of the court.  The trial judge entered an order setting a date for the deposition of the father and requiring him to produce the requested documents.  Neither the father nor his counsel appeared for the deposition, and no documents were produced.

When the father failed to appear at another hearing, the trial judge granted the mother's motion for judgment in the amount of $24,979 for spousal support arrearage.  The trial judge also entered an order requiring two financial institutions to provide statements disclosing any financial assets held in trust for the parties' children.  A hearing was held on the mother's motion for a writ of ne exeat.  The father again failed to appear.  The trial judge granted the writ, restraining the departure of the father from the jurisdiction.

Upon proper notice, the trial judge conducted an ore tenus hearing on the matter of the parties' divorce.  The father failed to appear.  Following entry of the final decree, the father appealed.  We affirmed the trial judge's rulings, including the validity of the non-participation sanction.

## II.

This current proceeding began nineteen months after entry of the final decree.  The father, by counsel, filed a motion to permit the father to file a "Motion to Correct Child Support

-

Arrearage, Modify Child Support, Amend Writ of Ne Exeat, Amend

Protective Orders and for Other Relief."  At a hearing on the

motion, the father did not personally appear; he was represented

by counsel.  In pertinent part, the trial judge denied the

father's motion "to file or argue Motions . . . until such time

as he personally appears before this Court" and ordered the

father to file a bond "prior to the filing of any further

motions."  This appeal followed.

### III.

The father contends that the trial judge lost his power to

reinstate the non-participation sanction in post-trial

proceedings because the sanctions were not contained in the

final order.  We disagree.[1]

In our review on appeal of a trial judge's imposition of a

sanction, we will not reverse the decision unless the judge

abused his or her discretion.  See Gentry v. Toyota Motor Corp.,

252 Va. 30, 34, 471 S.E.2d 485, 488 (1996).  "Courts often

---

[1] Although we agree with the father that the determination
whether the sanctions survived the entry of the decree is not
barred by res judicata, the rule of res judicata does bar an
attack on the sanction itself.  "The bar of res judicata
precludes relitigation of the [non-participation sanction]
. . . , or any part thereof, which could have been litigated
between the same parties."  Smith v. Ware, 244 Va. 374, 376, 421
S.E.2d 444, 445 (1992).  The prior appeal was a final
determination on the merits of that issue.  Thus, we will not
reconsider our prior "hold[ing] that the trial [judge's]
imposition of the non-participation sanction against [the
father] comports with fundamental fairness and is consistent
with due process of law."  Fox, slip op. at 7.

-

impose sanctions when a litigant or his attorney has acted in bad faith." Id. "Sanctions [also] can be used to protect courts against those who would abuse the judicial process." Oxenham v. Johnson, 241 Va. 281, 286, 402 S.E.2d 1, 3 (1991). "The purpose of such a sanction is to punish the offending party and deter others from acting similarly." Gentry, 252 Va. at 34, 471 S.E.2d at 488.

When the care, custody, and maintenance of the parties' children is involved, the trial judge "must exercise [his discretion] with the welfare of the [children] as the paramount consideration." Allen v. Allen, 188 Va. 717, 721, 51 S.E.2d 207, 209 (1949). The father has clearly acted in bad faith in refusing to comply with orders to support his children and former wife or to appear before the trial judge. "It was his duty to have . . . compl[ied] with the order of the court that he pay to the mother . . . support and maintenance of herself and [the children] until the same was changed, modified[,] or revoked by the court; and he was and is in contempt of the court in that he has not done so." Gloth v. Gloth, 154 Va. 511, 554-55, 153 S.E. 879, 893 (1930). "The power to punish for contempt is inherent in, and as ancient as, courts themselves. It is essential to the proper administration of the law, to enable courts to enforce their orders, judgments and decrees." Steinberg v. Steinberg, 21 Va. App. 42, 46, 461 S.E.2d 421, 423 (1995) (citation omitted). Thus, given the extreme conduct of

-

the father, the trial judge had the authority to "refuse to proceed further with this case until the [father] had purged himself of his contempt." Gloth, 154 Va. at 555, 153 S.E. at 893.

The father relies on Degen v. United States, 517 U.S. 820 (1996), for the proposition that the trial judge's use of the non-participation sanction post-trial was too broad. That case is inapposite, however, because it involved two separate proceedings, one civil and one criminal. The Supreme Court held that Degen could not be prevented from answering a complaint for civil forfeiture of his assets simply "because he remained outside of the country, unamenable to criminal prosecution." Id. at 822. The Court noted, however, that if Degen's refusal to appear personally resulted in non-compliance with a legitimate order of the civil trial court, Degen would then be exposed to the same sanctions as any other uncooperative party. Id. at 827. Therefore, Degen does not support the father's argument. The trial judge's order barred the father from participating in the divorce proceedings or subsequent hearings involving matters such as support issues, which were litigated in the divorce proceeding, until he personally appeared. It did not have effect beyond these proceedings.

The father further contends that Davis v. Davis, 233 Va. 452, 357 S.E.2d 495 (1987), requires the trial judge to impose a narrower sanction. In Davis, however, the Supreme Court held

-

that when the ex-husband invoked his constitutional right against self-incrimination, his refusal to testify was neither pertinent to a relevant issue nor frustrated attempts by his ex-wife to obtain the information relevant to his claims against her.  See 233 Va. at 458-59, 357 S.E.2d at 499.  That ruling encompasses an entirely different circumstance from the one which the father has created in this case.  The father continues to completely frustrate the mother's attempts to obtain information germane to support issues; he refuses to support his family in direct violation of the court's orders; and he has not purged his contempt.

"Courts are invested with the power and charged with the duty of enforcing their decrees."  Branch v. Branch, 144 Va. 244, 251-52, 132 S.E. 303, 305-06 (1926).  If the trial judge could not use contempt powers beyond the time of the final decree, litigants could simply refuse to comply with the final judgment and completely avoid sanctions.  See Bagwell v. United Mine Workers, 244 Va. 463, 478, 423 S.E.2d 349, 358 (1992) (holding that adopting such an argument would allow those in contempt of court to completely avoid the sanction by postponing compliance until the settlement of the underlying litigation), rev'd on other grounds, 512 U.S. 821 (1994).  Simply put, the father seeks to pick and choose the proceedings in which he will participate and, thereby, to obtain a tactical advantage. Courts in Virginia, however, operate under "the long held

-

principle that a court of chancery need not fully exercise its power at one time but may adapt its relief to the circumstances of a particular case." Morris v. Morris, 3 Va. App. 303, 306, 349 S.E.2d 661, 663 (1986).

The trial judge entered judgment against the father on April 30, 1997, and has found him in contempt. We upheld the judgment on appeal. The husband has yet to comply with the order or to purge himself of contempt. Accordingly, we affirm the trial judge's order. In addition, we remand this matter to the trial judge to fix a reasonable attorney's fee to be awarded to the mother against the father for this appeal.

Affirmed.