## CIRCUIT COURT OF NELSON COUNTY

Clayton C. Wade et al.

v.

Fleetwood Homes
of North Carolina, Inc.

December 19, 2001

Case No. CL98-08

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the defendant's motion for summary judgment. The motion for summary judgment is overruled. My reasons are set forth below.

Summary judgment is a "drastic remedy." *Turner v. Lotts*, 244 Va. 554, 556, 422 S.E.2d 765 (1992). Summary judgment should only be granted where there are no material facts generally in dispute. *Slone v. General Motors Corp.*, 249 Va. 520, 522 (1995).

The defendant asserts the plaintiffs allowed spoliation of the evidence by removal and destruction of the mobile home prior to inspection by the defendant. The evidence stipulated for consideration in the motion for summary judgment indicates that the mobile home was removed from the property and destroyed prior to the defendant's receiving notice of the claim and having an opportunity to inspect.

The defendant asserts that the inability to inspect the mobile home prevents the defendant from establishing a cause of the fire independent of the furnace. The defendant disagrees with the plaintiffs' theory that the furnace caused the fire. The two experts of the defendant believe that the fire had an origin other than the furnace. Their opinion is based upon inspection of the furnace and the photographs of the furnace.

The defendant maintains that, even though its experts do not believe the furnace caused the fire, they cannot ascertain the origin of the fire by virtue of

the destruction of the mobile home. Accordingly, the defendant maintains it is prejudiced by the spoliation of this evidence by the plaintiffs.

Spoliation of material evidence is a ground for dismissal where it results from bad faith of a party and prejudices the opposing party. *Gentry v. Toyota Motor Corp.*, 252 Va. 30, 34, 471 S.E.2d 485 (1996).

In the instant case, there is no evidence at this stage of an intent on the part of the plaintiffs which rises to the level of bad faith. Further, there is not sufficient evidence of prejudice to the defendant which warrants a dismissal. The defendant's experts are able to form an opinion from inspection of the furnace (which was preserved) and the photographs of the furnace. Thus, the defendant is able to develop a defense in this case. Accordingly, the motion is overruled.

Once the evidence is developed at trial, or otherwise, it may be appropriate for the defendant to raise this motion again. Therefore, leave will be granted to the defendant to raise the spoliation motion upon further development of the evidence at trial or otherwise. At present, however, there is not sufficient evidence to justify the drastic measure of summary judgment.