## CIRCUIT COURT OF ARLINGTON COUNTY

Post Apartment Homes,
L.P., et al.

v.

RTKL Associates, Inc.

November 5, 2003

Case No. (Chancery) 03-313

BY JUDGE WILLIAM T. NEWMAN, JR.

This case presents the question of whether Plaintiffs, Post Apartment Homes, L.P., and Street Retail, Inc. ("Post Apartment/Street Retail") can presently argue a position that is inconsistent with one taken in a prior suit. Defendant, RTKL Associates, Inc. ("RTKL"), argues in its plea in bar that Post Apartment/Street Retail cannot do so, based on the inconsistent positions doctrine. For the reasons set forth below, the plea in bar is denied.

*Facts*

This case arises out of a dispute over an architectural design contract to develop a mixed use residential/retail property in Arlington County. On July 26, 1999, Post Apartment/Street Retail entered into a contract with RTKL to "provide design construction administration and other architectural services" for a construction project, known as the Pentagon Row Project ("Project") (Post Apartment/Street Retail Motion for Judgment, ¶ 7.) RTKL provided the architectural services for the Project. Relying on RTKL's designs, Post Apartment/Street Retail entered into a contract with Foulger-Pratt Construction ("Foulger-Pratt") in September 1999, setting the actual construction of the Project into motion.

The Project was beset with problems, and a dispute arose between Post Apartment/Street Retail and Foulger-Pratt. RTKL represented that its documents were in compliance with both its contract with Post

Apartment/Street Retail and the contract between Post Apartment/Street Retail and Foulger-Pratt. Relying on these representations, Post Apartment/Street Retail terminated its contract with Foulger-Pratt.

On October 13, 2000, Post Apartment/Street Retail sued Foulger-Pratt in Arlington County Circuit Court. *Post Apartment Homes, L.P., et al. v. Foulger-Pratt Construction Co., Inc., et al.*, Civil Action No. CH00-785 (Cir. Ct. Arlington 2000) (the "Foulger-Pratt Litigation"). Even though RTKL was not a party to the suit, Post Apartment/Street Retail stood by the sufficiency of RTKL's designs throughout discovery and maintained that Foulger-Pratt was the sole cause of the breach.

The parties ultimately submitted the dispute to mediation, resulting in a $5 million settlement. The case was dismissed with prejudice on June 24, 2002.

During the course of the mediation, Post Apartment/Street Retail claims that they received previously undisclosed information regarding flaws and errors in RTKL's designs, as well as deficiencies in RTKL's contract administration on the Project. Based on this new information, Post Apartment/Street Retail then sued RTKL on April 30, 2003, alleging breach of contract and negligence. In the current suit, Post Apartment/Street Retail alleges that RTKL's designs were deficient, incomplete, and substandard. (Post Apartment/Street Retail Motion for Judgment ¶ 19.)

## Discussion

The issue before the court is whether Post Apartment/Street Retail can now sue RTKL for failure to perform its responsibilities under its contract. RTKL maintains that Post Apartment/Street Retail is barred from doing so under the inconsistent positions doctrine. RTKL argues that by defending RTKL's designs in the Foulger-Pratt Litigation, Post Apartment/Street Retail cannot raise the contrary position in the instant suit.

The Court does not agree. The controlling case in Virginia is *Burch v. Grace Street Building Corp.*, 168 Va. 329, 191 S.E. 672 (1937), estopping inconsistent testimony at trial. While there is no doubt that the positions taken by Post Apartment/Street Retail regarding the sufficiency of RTKL's work are inconsistent between the two suits, the situation is not analogous to *Burch*. The Court in *Burch* prevented a party from testifying contrary to testimony given at an earlier trial on the same issue. Here, the parties never went to trial with the allegations made in the initial suit; the matter was settled through mediation. Therefore all of the potentially contradictory statements at issue were made during the discovery phase, not at trial.

The antipathy towards taking inconsistent positions has not diminished in Virginia, but the ability to posit alternate theories stands beside the inconsistent positions doctrine. Rule 4:7(c) of the Virginia Supreme Court clearly allows a party to plead alternative theories, presumably without the risk of violating the *Burch* doctrine.

Additionally, the responses made in the discovery phase are not treated as immovably dispositive. Indeed, while still supporting *Burch*, the Virginia Supreme Court has permitted contradictory answers made during discovery. See, *TransiLift Equipment v. Cunningham*, 234 Va. 84, 93, 360 S.E.2d 183, 189 (1987) ("Resolution of any inconsistencies and discrepancies is peculiarly within the province of the jury." (citations omitted)); *Gentry v. Toyota Motor Corp.*, 252 Va. 30, 34, 471 S.E.2d 485, 488 (1996) ("[D]iscovery depositions and answers to interrogatories generally are not conclusively binding upon a party." (citations omitted)). Both *TransiLift Equipment* and *Gentry* hold that, if there are significant contradictions in positions made by one party during discovery, those contradictions are properly resolved by the trier of fact at trial, rather than in a plea at bar.

In light of the above, RTKL's plea in bar must be denied. A plea in bar is intended to strike a case when the litigation can be boiled down to "a single issue, which, if proven, creates a bar to the plaintiff's right to recovery." *Cooper Industries, Inc. v. Melendez*, 260 Va. 578, 594, 537 S.E.2d 580, 590 (2000). The *Burch* estoppel rule does not apply here, therefore, there is no "single issue" that can be resolved through a plea in bar. Furthermore, *TransiLift Equipment* and *Gentry* are more persuasive given the fact that Post/Street's responses in the Foulger-Pratt Litigation were entirely made in the context of discovery and the case was settled by mediation, rather than at trial. The contradictions between the claims in the instant litigation and the Foulger-Pratt Litigation are best resolved by a jury.

Accordingly, the Court denies the RTKL's plea in bar.