COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Alexandria, Virginia


THERESE STROUPE, DAVID STROUPE AND
 THOMAS K. PLOFCHAN, JR.
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1936-02-4              CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                         DECEMBER 9, 2003
SONIA RIVERO, COMMISSIONER,
 VIRGINIA DEPARTMENT OF SOCIAL SERVICES
 AND COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David T. Stitt, Judge

Thomas K. Plofchan, Jr., pro se.

Allen T. Wilson, Assistant Attorney General (Jerry W. Kilgore,
Attorney General; David E. Johnson, Deputy Attorney General;
Siran S. Faulders, Senior Assistant Attorney General, on brief),
for appellees.


        Thomas K. Plofchan, Jr. (appellant) was found in contempt of court in violation of Code

§§ 18.2-456(1) and 18.2-456(5).  On appeal, he contends that the trial court erred by (1) finding him

in contempt of court when he attempted to respond to the trial judge's question; (2) imposing a

sanction in excess of that permitted by Code § 18.2-457 without a jury trial; and (3) failing to

inform him of the specific factual findings underlying the contempt.  Appellant concedes that he

failed to preserve these issues for appeal; however, he argues the ends of justice require us to

reverse the contempt judgement.  For the following reasons, we affirm the judgment of the trial

court.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

Appellant represented the Stroupes in an injunction action filed by the Virginia Department of Social Services on November 16, 2001. Trial was set for May 30, 2002. At a scheduled discovery dispute hearing on May 10, 2002, appellant made an "oral motion" to dismiss because "the Commissioner . . . lacks the authority to go forward in this case." The trial court instructed him to file a proper written motion. The day before trial, May 29, 2002 at 2:08 p.m., appellant filed a Motion to Dismiss the injunction for lack of subject matter jurisdiction with the circuit court. Appellant's certificate of service stated he faxed a copy of the motion to opposing counsel May 28, 2002, the day before he filed it with the circuit court. On May 30, 2002, as the trial began and the trial judge asked opposing counsel to make their opening statements, the following colloquy occurred.

> [APPELLANT]: Your Honor, if I may, we have filed a sworn motion to dismiss on undisputed facts for want of subject matter jurisdiction. We filed that yesterday with the Court. We sent by fax a copy to [opposing counsel]. We believe that challenge of jurisdiction needs to be heard first.
>
> As a matter of fact, Your Honor, at this time there's been no answer to that challenge of jurisdiction. It is a sworn pleading of undisputed facts. And given the rules of pleading because it has not been answered or denied, we would ask for the Court to grant a summary judgement.
>
> THE COURT: You said you filed it yesterday?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: How are they supposed to respond to it?
>
> [APPELLANT]: Your Honor, they say they are prepared to go forward for trial. They haven't asked for a continuance to respond. They haven't asked -- or given any indication that they intend to respond.
>
> THE COURT: We will deal with it at the end of the hearing.
>
> [APPELLANT]: Your Honor, it's a challenge of jurisdiction.

THE COURT: I understand. We'll deal with it at the end of the hearing. It was filed yesterday. . . .

[APPELLANT]: Your Honor, if you --

THE COURT: Sir, will you have a seat?

[APPELLANT]: Sir, if you will note my exception on the record that this is a challenge of jurisdiction. The Court has no power to go forward on the case until they have -- I have challenged the Court's jurisdiction to go forward, and the Court must make a decision on the record as to whether it has jurisdiction or not.

THE COURT: Have a seat.

[APPELLANT]: It's not proper to go forward on anything, Your Honor. I'm noting my objection to that case.

THE COURT: Well, what I'm going to -- listen, let's get something straight. If I want to hear from you, I will ask you to talk. I don't want to hear from you right now. I want you to have a seat, and I want to hear from [opposing counsel]. Sir, if you open your mouth again I'm going to hold you in contempt of court. Do you understand that?

[APPELLANT]: Your Honor --

THE COURT: That's $100.

[APPELLANT]: Your Honor --

THE COURT: That's $300.

[APPELLANT]: Your Honor --

THE COURT: That's $500.

[APPELLANT]: I'm obligated under the --

THE COURT: That's $500. I will do an order later. . . .

[APPELLANT]: Your Honor, I'm obligated under the Constitution of the United States --

THE COURT: Sir, I'm going to have you removed from the courtroom if you don't be quiet.

[APPELLANT]: Your Honor, if I can just --

- 3 -

THE COURT: No, you may not. Be quiet. Sit down. Are you amused by something?

[APPELLANT]: Well, Your Honor, I believe that it -- I actually find it irregular in this case where someone is trying to put an objection on the record for the Court to tell him he can't do that.

THE COURT: You already put the objection on the record, and all you're doing now is talking when I told you not to.

[APPELLANT]: Your Honor, I've asked you to respond to the record, which I believe -- respond to the objection, which I believe --

THE COURT: You're up to $700. If you want to go for more, that's fine. You can deal with it with the Appellate Court.

The Court later states:

THE COURT: I did make one misstatement. I went from $100 to $300, which was fine, but then I went to $700. And the maximum I can do on a particular instance of contempt is $250. So the total amount [appellant] will need to pay to the clerk of the court within 10 days of today is $550.

[APPELLANT]: Your Honor -

THE COURT: Do an order reflecting that. Give it to [the deputy. Appellant]?

[APPELLANT]: Your Honor, could we ask that you stay the - we're noting our appeal on both the contempt as well as the underlying charge, and we ask you to stay the injunction until the resolution of the appeal.

THE COURT: The motion will be denied.

At no time during the trial nor at the later entry of the orders in the case did appellant ever state the reasons he now asserts on appeal as a basis for trial court error. On the contrary, he noted on the final order that it was "seen and objected to for all reasons stated on the record and any that may be later proffered to include a motion for recusal for bias. Reserve the right to state additional

reasons."[1] On June 10, 2002, the trial court denied appellant's motion to reconsider the injunction and the contempt. No objections to the contempt finding were noted.

The final order included the following language: "4. The Court finds counsel for the Respondents, Thomas Plofchan, in contempt of court pursuant to section 18.2-456(1) and (5) and 18.2-457 of the Code of Virginia and fines him a total of $550 payable within 10 days of entry of this order."

Appellant appeals from this order.

## II.

Because appellant failed to present any of the arguments to the trial court that he now raises on appeal, we do not address his arguments. We have long held that we will not consider an argument on appeal that was not presented to the trial court. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18). "The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citation omitted). Accordingly, appellant's arguments are barred by Rule 5A:18 because they were not raised in the circuit court, providing us no ruling to review on appeal. See Ohree v. Commonwealth, 26 Va. App. 299, 307-08, 494 S.E.2d 484, 488 (1998); Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993).

Further, the ends of justice do not require us to address these issues. "[T]he ends of justice exception is narrow and is to be used sparingly. . . . The trial error must be clear, substantial and material." Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997)

---

[1] Since there were no "reasons stated on the record" or "later proffered" regarding the contempt findings, the purpose for this language is unclear.

(internal quotations and citations omitted). "[To invoke the ends of justice exception to Rule 5A:18, the record] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Id. at 221, 487 S.E.2d at 272 (internal quotations and citations omitted).

In the instant case, the record shows the trial judge announced he would deal with appellant's untimely filed motion at the end of the case and directed the parties to begin their opening statements. Appellant refused to follow the trial court's directive to begin the case on at least four occasions and continued to argue the merits of his untimely motion. The trial court warned him he would be found in contempt if he continued his actions. No ends of justice exception is applicable under these facts. Appellant had many opportunities after the initial colloquy with the trial court to object to the contempt finding and state his grounds for that objection. He failed to make any objections regarding the contempt proceeding or the amount of the fines imposed. His motion to strike continued for more than 20 transcript pages, which the judge allowed him to complete, and he failed to mention the contempt or the amount of the sanctions.[2] The record fails to disclose anything that would allow us to invoke the ends of justice exception to Rule 5A:18.

Appellant's argument that the trial court's monetary amount exceeds the statutory maximum is also not preserved. We note that Code § 18.2-456(1) limits the amount to $250 but Code § 18.2-456(5) does not. [3]

---

[2]  We note that the limits of Code § 18.2-457 apply only to the first class embraced in Code § 18.2-456.

[3]  Code § 18.2-456 provides in pertinent part:

> The courts and judges may issue attachments for contempt, and punish them summarily, only in the cases following:  (1) Misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice; . . . (5)

Therefore, we affirm the decision of the trial court.

Affirmed.

---

Disobedience or resistance of an officer of the court, juror, witness or other person to any lawful process, judgment, decree or order of the court.

Code § 18.2-457 provides: "No court shall, without a jury, for any such contempt as is mentioned in the first class embraced in § 18.2-456, impose a fine exceeding $250 or imprison more than ten days; . . . ."

Benton, J., dissenting.

I.

In pertinent part, Code § 8.01-384(A) provides that "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him on motion for a new trial or on appeal." The record clearly establishes that when the trial judge ruled that the attorney was in contempt, the attorney had no reasonable opportunity to object. As the following portion of the record indicates, the judge had threatened sanctions if the attorney spoke:

> [Judge]: Well, what I'm going to -- listen, let's get something straight. If I want to hear from you, I will ask you to talk. I don't want to hear from you right now. I want you to have a seat, and I want to hear from [opposing attorney]. Sir, if you open your mouth again I'm going to hold you in contempt of court. Do you understand that?
>
> [Attorney]: Your Honor --
>
> [Judge]: That's $100.
>
> [Attorney]: Your Honor --
>
> [Judge]: That's $300.
>
> [Attorney]: Your Honor --
>
> [Judge]: That's $500.
>
> [Attorney]: I'm obligated under the --
>
> [Judge]: That's $500. I will do an order later. . . .
>
> [Attorney]: Your Honor, I'm obligated under the Constitution of the United States --
>
> [Judge]: Sir, I'm going to have you removed from the courtroom if you don't be quiet.
>
> [Attorney]: Your Honor, if I can just --
>
> [Judge]: No, you may not. Be quiet. Sit down. Are you amused by something?

- 8 -

[Attorney]: Well, Your Honor, I believe that it -- I actually find it irregular in this case where someone is trying to put an objection on the record for the Court to tell him he can't do that.

[Judge]: You already put the objection on the record, and all you're doing now is talking when I told you not to.

[Attorney]: Your Honor, I've asked you to respond to the record, which I believe -- respond to the objection, which I believe --

[Judge]: You're up to $700. If you want to go for more, that's fine. You can deal with it with the Appellate Court.

I would hold that these circumstances excuse the attorney's failure to speak further and put on the record a specific objection to the contempt ruling.

## II.

Applying Code § 18.2-456, we have generally defined contempt as follows:

"Contempt is defined as an act in disrespect of the court or its processes, or which obstructs the administration of justice, or tends to bring the court into disrepute." Any act which is calculated to embarrass, hinder, or obstruct the court in the administration of justice is contempt.

Carter v. Commonwealth, 2 Va. App. 392, 396, 345 S.E.2d 5, 7-8 (1986) (citation omitted).

The record indicates that the trial judge had deferred until the end of the hearing consideration of the motion to dismiss for lack of subject matter jurisdiction. The record also indicates that when the judge ruled that the attorney was in contempt the attorney was requesting a ruling on his objection to the judge's decision to defer a ruling on the jurisdiction issue. The judge made the contempt ruling during the following colloquy:

[Attorney]: Your Honor, it's a challenge of jurisdiction.

[Judge]: I understand. We'll deal with it at the end of the hearing. It was filed yesterday. [Opposing attorney] would you care to make an opening statement?

[Attorney]: Your Honor, if you --

[Judge]: Sir, will you have a seat?

- 9 -

[Attorney]: Sir, if you will note my exception on the record that this is a challenge of jurisdiction. The Court has no power to go forward on the case until they have - I have challenged the Court's jurisdiction to go forward, and the Court must make a decision on the record as to whether it has jurisdiction or not.

[Judge]: Have a seat.

[Attorney]: It's not proper to go forward on anything, Your Honor. I'm noting my objection to that case.

[Judge]: Well, what I'm going to -- listen, let's get something straight. If I want to hear from you, I will ask you to talk. I don't want to hear from you right now. I want you to have a seat, and I want to hear from [opposing attorney]. Sir, if you open your mouth again I'm going to hold you in contempt of court. Do you understand that?

[Attorney]: Your Honor --

[Judge]: That's $100 . . . .

In other decisions, we have held that when an attorney makes an objection in the trial court on behalf of his client, it is that attorney's responsibility to obtain a ruling from the trial judge on the objection. See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998) (holding that "because the trial court never ruled upon Ohree's objection to the imposition of costs and her motion to set the costs aside, there is no ruling for us to review on appeal"). This holding relies in part upon an earlier decision by the Supreme Court in Taylor v. Commonwealth, 208 Va. 316, 324, 157 S.E.2d 185, 191 (1967). There, the Supreme Court cited the specific objection that an attorney made at trial, noted "[t]here was no ruling by the [judge] on the objection," and declined to consider the issue on appeal. Id. at 324, 157 S.E.2d at 191. Indeed, in Taylor the Supreme Court noted that "[c]ounsel for defendant did not insist that the [judge] rule." Id. These procedural default rules "have been strictly enforced" by both appellate courts. Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987).

The record in this case supports a conclusion that the attorney was assertive in seeking a ruling. Although needlessly requesting his "exception" be noted, see Code § 8.01-384

- 10 -

(eliminating "[f]ormal exceptions to rulings"), the attorney argued that he had "challenged the Court's jurisdiction to go forward" and said "the Court must make a decision on the record as to whether it has jurisdiction or not." The effect of his argument was to "insist" that the judge rule on his objection to proceeding before ruling on his motion to dismiss. See Taylor, 208 Va. at 324, 157 S.E.2d at 191. The record does not establish, however, that in so doing the attorney sought to embarrass, hinder, or obstruct the judge. The judge made no finding that the attorney acted in bad faith when filing the motion to dismiss. See Gentry v. Toyota Motor Corp., 252 Va. 30, 34, 471 S.E. 485, 488 (1996); Ange v. York/Poquoson Dep't Soc. Servs., 37 Va. App. 615, 624, 560 S.E.2d 474, 478 (2002). Moreover, the record does not establish that the attorney acted "willfully" to cause delay. Carter, 2 Va. App. at 397, 345 S.E.2d at 8. In view of the attorney's belief, stated on the record, that he was entitled to a ruling on his objection, I would hold that the record is insufficient to prove that this was "[m]isbehavior . . . as to obstruct or interrupt the administration of justice," Code § 18.2-256(1), or "[d]isobedience . . . to any lawful . . . order of the court," Code § 18.2-256(5).

For these reasons, I would reverse the conviction for criminal contempt.